```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
UNITED STATES OF AMERICA
                                *
        v.                      *
                                    CRIMINAL NO.: WDQ-09-0288
                                *
CARLENE WEBSTER
                                *

                                *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM OPINION

Carlene Webster pled guilty to racketeering conspiracy and was sentenced to 151 months imprisonment. ECF No. 915. Pending is Webster's *pro se* motion to reduce her sentence based on the reduced Sentencing Guidelines for cocaine base ("crack") offenses. ECF No. 1106. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be denied.

I.   Background

Webster was a member of the PDL Bloods gang. ECF No. 913 at 4 (plea agreement). She participated in a conspiracy involving a pattern of racketeering activity, which included possession of firearms, assaults, and narcotics trafficking. *Id.* It was reasonably foreseeable to her that the conspiracy involved distribution of 100 grams of heroin and 500 grams of

crack cocaine. *Id.* In addition to drug trafficking, Webster was involved in gang violence and initiations. *See id.*

On December 3, 2010, Webster pled guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). ECF No. 912. The plea was under Federal Rule of Criminal Procedure 11(c)(1)(C) (a "C plea").[1] *See* ECF No. 913 at 5.

Based on the drug quantity table of the Sentencing Guidelines, the plea agreement calculated an offense level of 34. *See id.*; *see also* U.S.S.G. § 2D1.1(c) (2008). The agreement did not calculate a criminal history category or include an applicable sentencing range. *See id.* The parties stipulated to a sentence of 151 months as the "appropriate disposition of this case." *Id.* On December 3, 2010, Webster was sentenced to the agreed upon 151 months imprisonment. ECF No. 915.

Effective November 1, 2011, Sentencing Commission Amendment 750 retroactively changed the Guidelines for crack cocaine offenses. *See* U.S.S.G. Appendix C at 391-398 (2012); *see also* U.S.S.G. § 2D1.1(c) (2012). On April 18, 2012, Webster moved,

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C) provides that a "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

*pro se*, to reduce her sentence under 18 U.S.C. § 3582(c)(2). ECF No. 1106. On June 3, 2013, Thomas Edward Sarachan, Esquire, was appointed to represent Webster in connection with her § 3582 motion. ECF Nos. 1249, 1251. On August 5, 2013, the government opposed the motion. On September 27, 2013, Webster, through counsel, replied.

II. Analysis

Webster seeks a reduction in her sentence under § 3582(c)(2), which states that a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," may seek a reduction in sentence, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Guidelines state that a reduction in sentence is permitted for crack cocaine under amendment 750. *See* U.S.S.G. § 1B1.10(c) (2012).

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court, in a divided opinion, addressed retroactive Sentencing Guidelines under § 3582(c)(2) in the context of a C plea. Although Justice Kennedy wrote for the plurality, the Fourth Circuit has read Justice Sotomayor's opinion, the narrowest ground of those justices concurring in the judgment, as controlling. *See United States v. Brown*, 653 F.3d 337, 340 & n.1 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1003 (2012)

3

(citing *Marks v. United States*, 430 U.S. 188, 97 S. Ct. 990, 51 L. Ed. 2d 260 (1977)).[2]

In *Freeman*, Justice Sotomayor stated that a "term of imprisonment . . . pursuant to [a C plea] is 'based on' the agreement itself, not on the judge's calculation of the Sentencing Guidelines" for purposes of a reduction under § 3582(c)(2). 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment). Justice Sotomayor reasoned that, even though the district court used the Guidelines "as a yardstick in deciding whether to accept a (C) agreement[, that] does not mean that the term of imprisonment imposed by the court is 'based on' a particular Guidelines sentencing range." *Id.* at 2696.

However, Justice Sotomayor identified two exceptions when a C plea is eligible for a sentence reduction: (1) the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range;" or (2) the "plea agreement . . . provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 2697. The second exception applies "when a [C plea] *expressly uses* a Guidelines sentencing range to establish the term of imprisonment." *Id.* at

---

[2] *See also, e.g., United States v. Thompson*, 682 F.3d 285, 289-90 (3d Cir. 2012); *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011), *cert. denied*, 133 S. Ct. 212 (2012).

4

2698 (emphasis added). In other words, the sentencing range must be "evident from the agreement itself." *Id.* at 2697.

Here, the first exception is inapplicable, because the parties agreed to a 151 month sentence. *See* ECF No. 913 at 5.

The government argues that the second *Freeman* exception does not apply, because Webster's "sentence was based on the agreement of the parties, not the guidelines." Webster contends that "Justice Sotomayor's opinion does not require that a guideline range be express on the face of the plea agreement." Thus, Webster argues that she is eligible for relief because her agreement "'make[s] clear,' in some fashion," that her sentence is based on the applicable Guidelines range. She also notes that she "is making great strides toward rehabilitation" in prison.

In *United States v. Frazier*, 531 F. App'x 308, 310 (4th Cir. 2013) *cert. denied,* 134 S. Ct. 955, 187 L. Ed. 2d 817 (U.S. 2014), the defendant's plea agreement stated that the parties did not agree on his criminal history or criminal history category and did not contain a Guidelines sentencing range. Accordingly, the Fourth Circuit concluded that Frazier's plea agreement "does not make clear that the specified term is a Guidelines sentencing range applicable to the sentence of conviction, let alone make this 'evident from the agreement itself,'" and affirmed the district court's denial of Frazier's

§ 3582 motion. *Id.* (citing *Rivera-Martinez*, 665 F.3d at 349 (denying relief under § 3582 and *Freeman* because--although the parties agreed to a 240-month sentence--the agreement did not state the applicable criminal history category or Guidelines range); *United States v. Austin,* 676 F.3d 924, 930 (9th Cir. 2012)); *see also Johnson v. United States*, CIV.A. DKC 12-2454, 2014 WL 470077, at *4 (D. Md. Feb. 5, 2014) (finding that plea agreement was basis for sentence of imprisonment--instead of sentencing Guidelines--because "the plea agreement does not suggest a guidelines range, and could not have done so because there was expressly no agreement as to Petitioner's criminal history category").

Similarly, Webster's plea agreement disclaims any "agreement as to her criminal history or criminal history category" and does not give a Guidelines sentencing range. *See* ECF No. 913 at 3, 5. Because the plea agreement does not state Webster's criminal history category, it is not evident from the agreement that the stipulated sentence was based upon a Guidelines calculation. *See Johnson*, 2014 WL 470077, at *4 (citing *Austin*, 676 F.3d at 930 (when the plea agreement "does not contain any information about [a defendant's] criminal history category . . . [the] sentence calculation exercise in *Freeman* . . . is impossible")). Thus, Webster's sentence is ineligible for reduction under § 3582(c)(2). *See Freeman*, 131

6

S. Ct. at 2697-98; *Frazier*, 531 F. App'x at 310. Although the Court commends Webster's efforts at rehabilitation, the motion must be denied.

III. Conclusion

For the reasons stated above, the motion will be denied.

| | |
|---|---|
| 4/30/14 | /s/ |
| Date | William D. Quarles, Jr.<br>United States District Judge |